UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------x
MICHAEL SALZMAN,

               Petitioner,

   -against-

UNITED STATES OF AMERICA,

               Respondent.
------------------------------x

**MEMORANDUM & ORDER**
On §2255 Application (doc. #1)
No. 03-cv-1823 (DRH) (ARL)

**APPEARANCES:**

**For the Petitioner:**
Michael Salzman, *Pro Se*
Reg. No.58293-053
P.O. Box 1000
Fort Dix, NJ 08640

**For the Respondent:**
Roslynn Mauskopf
United States Attorney
Eastern District of New York
610 Federal Plaza
Central Islip, NY 11722
By: Mark J. Lesko, Assistant U.S. Attorney

**HURLEY, Senior District Judge:**

      Petitioner Michael Salzman ("Petitioner" or "Salzman") moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence arising from his 2002 conviction in this Court. The basis for this § 2255 Application is ineffective assistance of trial counsel. For the reasons set forth below, the Application is DENIED.

# I. Background

On June 22, 2002, Salzman plead guilty to a one-count information charging him with bank fraud in violation of 18 U.S.C. § 1344. At that time, he was represented by Attorney Michael R. Franzese. Attorney Franzese continued his representation of Petitioner at Petitioner's sentencing on November 1, 2002. Salzman's sentence included a term of imprisonment of 21 months to be followed by a term of three years supervised release. The imprisonment term fell in the middle of the recommended range of 18 to 24 months.

In calculating the sentencing range in the Pre-Sentencing Report ("PSR"), the Probation Department recommended against a two-point deduction for acceptance of responsibility. This was contrary to the original pleas agreement entered into by Petitioner and the Government, where the two-point reduction was anticipated. However, between the time the plea agreement was entered and the time the PSR was prepared, and while Petitioner was under the supervision of Pre-Trial Services, an arrest warrant was issued by the Carteret, New Jersey Police Department as the result of a fraud committed by Petitioner in September 2002. The circumstances of this warrant issuance were discussed in the PSR. (*See* PSR at ¶¶ 12-13.) Thus, as a result of this incident, the Probation Department concluded Petitioner did not demonstrate the requisite acceptance of responsibility warranting the corresponding two-point downward adjustment.

Further, reference to the Declaration of Petitioner's prior attorney, Michael R. Franzese, filed in response to the current § 2255 Application indicates that Petitioner told his then-counsel

that he "committed the charged fraud."[1] (Decl. Michael R. Franzese ("Franzese Decl.") at ¶2, attached to Gov'ts' Letter Br. (July 23, 2004) (doc. #19).) Thus, based on his investigation of the arrest warrant and on his client's admission to him, Attorney Franzese "concluded that the charge did indeed have merit and that the arrest warrant was issued." (*Id.*) Furthermore, Attorney Franzese "was concerned about Mr. Salzman's positive test for cocaine and false denial of using cocaine, which were recorded in a memorandum submitted to the Court by U.S. Probation on July 31, 2002." (*Id.*) Attorney Franzese further stated that he discussed the potential sentencing impact of both the arrest warrant and the positive drug test result with his client. (*See id.*) According to Attorney Franzese, both he and Petitioner were concerned that these two incidents would provide the Court with a basis for sentencing Salzman towards the maximum of his Sentencing Guidelines range. (*See id.*) According to Attorney Franzese, "After his sentencing, Mr. Salzman was pleased that Judge Hurley opted not to sentence him at the maximum of his Sentencing Guidelines range. Indeed, we both determined that Mr. Salzman had received the best possible sentence in his Federal Case." (*Id.*)

At Petitioner's sentencing, his attorney did not object to the Probation Department's recommended sentencing range. However, when the Court asked whether the defense had any further comments or objections concerning the PSR, Attorney Franzese requested to be heard by the Court. (*See* Nov. 1, 2002 Sent. Hrg. Tr. 10:8-14.)

>    THE COURT:    All right, Mr. Salzman, or I'll hear Mr. Franzese first.
>
>    MR. FRANZESE:    Judge, as I was saying, my client has an

---

[1] Petitioner has not challenged the accuracy of the above statement or, indeed, the accuracy of the other statements contained in Attorney Franzese's Declaration.

> illness and it's been documented years ago. As early as junior high, if not earlier. His conduct reflects that illness. He has been trying to get treatment reflected in the report you have. He's made some efforts – recently he's got into trouble and he's tried to make sincere efforts. We've made many efforts to take a plea earlier to avoid the complication, through no fault of Mr. Mato or the government, but Mr. Salzman was prepared to take his plea two years ago to accept the responsibility.
>
> * * *
>
> I will ask the Court to impose a period of 18 months. . . .

(*Id.* at 11:6-12:7.) Petitioner reiterated his attorney's request for leniency in sentencing. (*See id.* at 12:24-25.) As indicated earlier, the Court imposed a sentence in the middle of the recommended sentencing range of 18 to 24 months, *i.e.*, 21 months.

## II. PETITIONER'S § 2255 APPLICATION

Now, Salzman argues that his trial attorney was ineffective for two reasons. First, Salzman finds fault with Franzese because he did not object to the recommendation of the Probation Department that Salzman not receive a two-point reduction for acceptance of responsibility. Second, Salzman faults Franzese's failure to raise the issue of his client's alleged attempts to rehabilitate his gambling addiction as a basis for the two-point acceptance of responsibility deduction or as an independent basis for a downward departure.

4

## III. DISCUSSION

### A. The *Strickland* Standard

When one raises a claim of ineffective assistance of counsel, that claim must be examined under the Supreme Court's dual-pronged rubric articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). Thus, a claimant must first establish that his counsel's representation "fell below an objective standard of reasonableness" judged by "prevailing professional norms." *Id.* at 688. The claimant must then demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. If either prong is not satisfied, the claimant's challenge must fail. *See id.* Moreover, judicial scrutiny of counsel's performance is "highly deferential". *Id.* at 689.

### B. The Instant Case

Petitioner cannot make the required *Strickland* showings. Therefore, his two ineffective-assistance-of-counsel claims must fail.

#### 1. Counsel's Failure to Object to PSR

Petitioner's first argument is that by failing to object to the PSR that recommended Petitioner not be given a two-level decrease in the offense level for acceptance of responsibility, Franzese's assistance was ineffective. However, given the facts and circumstances of Petitioner's criminal case, Franzese's performance did not fall below the prevailing professional norms for attorneys practicing in this area. Nor can Petitioner demonstrate that, but for Franzese's failure to object to the PSR, Salzman's sentence would have been different.

The record demonstrates that after his plea, Petitioner engaged in further criminal activity. (*See* PSR at ¶12; Franzese Decl. at ¶2.) Such activity clearly controverts one of the intentions of

the acceptance of responsibility adjustment which, among others, seeks to reward those who voluntarily terminate or withdraw from criminal conduct or association. *See* U.S. Sentencing Guidelines Manual § 3E1.1 cmt. n.1(b) (2002). The same can be said of Petitioner's post-plea cocaine use that was reported to the Court; using cocaine implicates criminal conduct. Thus, Attorney Franzese was aware of two instances of criminal activity that clearly supported the Government's recommendation that Petitioner not be given the acceptance-of-responsibility downward departure. Indeed, the Government stated that it had more than one reason to recommend the denial of this adjustment. (*See* Nov. 1, 2002 Sent. Hrg. at 6:15-23.) Precisely because he was aware the Government had several grounds upon which to recommend the denial of the acceptance-of-responsibility adjustment for Petitioner, Attorney Franzese made the strategic decision not to object to the PSR. The record demonstrates that Salzman did not object with this choice:

> THE COURT: Mr. Franzese, what's your position on this?
>
> MR. FRANZESE: Judge, I have reviewed that information, at this point in time *we chose not to object or resist [the government's] recommendation* at this point in time.
>
> THE COURT: All right. I will say that looking at paragraph 12 of the original presentence report, as supplemented by and I should say, not as supplemented, and the addendum to the presentence report which is dated November 1, 2002, it would seem to me that the government's position is well-taken. It would seem to me that there shouldn't be acceptance of responsibility. I'm advised that *defense counsel has reviewed the situation and they don't intend to contest that issue*.

6

|   |   |
|---|---|
|   | Now, Mr. Franzese, have you reviewed that with Mr. Salzman? |
| MR. FRANZESE: | I have, Judge. |
| THE COURT: | Mr. Salzman, you understand it? |
| THE DEFENDANT: | Yes. |
|   | * * * |
| THE COURT: | Have you reviewed the presentence report? |
| THE DEFENDANT: | I have. |
| THE COURT: | And are you satisfied with the legal representation that has been furnished to you? |
| THE DEFENDANT: | I am. |

(*Id.* 6:24-7:17, 8:14-19 (emphasis added).) Franzese's decision, given the facts and circumstances of Petitioner's criminal case, was objectively reasonable judging by the prevailing professional norms. Here, therefore, ineffective assistance of counsel will not be found for Attorney Franzese's failure to object to the PSR.

    2.  *Counsel's Failure to Argue Salzman's Alleged Rehabilitation Efforts*

  Petitioner also advances Attorney Franzese's failure to argue Petitioner's alleged rehabilitation efforts as a basis for awarding an acceptance-of-responsibility adjustment and as a basis for a general downward departure. As for being a basis for an acceptance-of-responsibility adjustment, for the reasons stated above (*see* Part III(B)(1)), it is highly unlikely this argument would have been effective. This conclusion is buttressed by the fact that before his client's sentencing, Attorney Franzese "investigated Mr. Salzman's claim that he was making efforts to rehabilitate a gambling addiction," (Franzese's Decl. at ¶3), and that as a result of said

7

investigation, he "was only able to determine through an interview with a counselor that Mr. Salzman sporadically attended Gambler's Anonymous and that his participation in Gambler's Anonymous appeared to be insincere," (*id.*). Thus, Attorney Franzese's subsequent decision not to argue alleged rehabilitation to advance an argument for an acceptance-of-responsibility adjustment was objectively reasonable.

Similarly, based on his independent investigation of Petitioner's alleged rehabilitation efforts and his conclusion "that Mr. Salzman's alleged gambling rehabilitation was a ruse and that there was no evidence to suggest that he made any sincere efforts to address any purported gambling addiction," (*id.*), Attorney Franzese decided not to pursue a separate motion for downward departure based on extraordinary rehabilitation. Given the case law in this area, Attorney Franzese's decision was objectively reasonable; indeed, it was prudent. *See, e.g., United States v. Bryson*, 163 F.3d 742, 747 (2d Cir. 1998) ("[A] sentencing judge may exercise discretion and depart from the applicable guideline range in light of a defendant's efforts toward rehabilitation, provided those efforts are extraordinary."); *United States v. Griffiths*, 954 F. Supp. 738, 741-43 (D. Vt. 1997) (granting downward departure because rehabilitation efforts were extraordinary where defendant, essentially, turned his life around); *cf. United States v. Kim*, 313 F. Supp. 2d 295 (S.D.N.Y. 2004) (denying downward departure for rehabilitation efforts since those efforts were not extraordinary).

In any event, it is not accurate to say Attorney Franzese did not raise Petitioner's rehabilitation efforts to the Court. In fact, he specifically did when he requested the Court exercise its discretion in sentencing Salzman to the low end of the applicable range. (*See* Nov. 1, 2002 Sent. Hrg. Tr. 10:8-14.) And, as the Government astutely states, "The potential for a

8

harsher sentence would have only increased if [P]etitioner's less than 'sincere' attempts at rehabilitating his gambling addiction came to light." (Gov'ts' Letter Br. at 3 (July 23, 2004).)

Examining Attorney Franzese's performance in Petitioner's case through the required "highly deferential" lense, *see Pratt v. Greiner*, 306 F.3d 1190, 1196 (2d Cir. 2002), the Court finds that performance falls comfortably within "the wide range of professionally competent assistance," *Strickland*, 466 U.S. at 690. Therefore, Petitioner cannot establish the first of *Strickland*'s dual-pronged analysis, *i.e.*, the deficiency prong. Thus, the Court need not examine Strickland's required second-prong, namely, the prejudice prong. *See id.* at 697 (instructing that federal courts need not address both components of ineffective assistance analysis where a petitioner fails to establish either component).

## CONCLUSION

For the foregoing reasons, Salzman's § 2255 Application is DENIED.

Pursuant to Fed. R. App. P. 22(b) and 28 U.S.C. § 2253 (c)(2), a certificate of appealability is denied, as Petitioner has not made a substantial showing of a denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Luciadore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000).

The Clerk of Court is directed to close this case.

**SO ORDERED**

Dated: Central Islip, New York
May 21, 2007

/s/
Denis R. Hurley
Senior District Court Judge